E-FILED
Thursday, 04 September, 2008  04:30:55 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 99-40008 |
| ) | |
| DARRIUS MARTIN, ) | |
| ) | |
| Defendant. ) | |

## O R D E R

By Order entered August 4, 2008, (Doc. 64), the Court made a preliminary determination that Defendant was not eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) because of the retroactive application of the amendment to the crack cocaine guideline set forth in the Drug Quantity Table embodied in U.S.S.G. § 2D1.1. The Court's decision was based upon a finding that the crack cocaine amendment does not have the effect of lowering Defendant's applicable guideline "sentencing range" as required by section 3582(c)(2).

Defendant was given leave to file by August 29, 2008, a *pro se* Response to the Order, if he disagreed with the Court's decision, explaining why he thought he was eligible for a sentence reduction despite the fact that application of the crack cocaine amendment would not lower his applicable guideline "sentencing range." On September 2, 2008, Defendant filed a paper he characterizes as "Motion for Resentencing Pursuant to 18 U.S.C. § 3582(c)(2)." (Doc. 65).

The gist of Defendant's contention is that section 3582(c)(2) authorizes and affords the Court an opportunity to relieve Defendant from the harsh and draconian sentence he received by resentencing him to a more "equitable" sentence in consideration of recent decisions of the United States Supreme Court in United

States v. Booker, 543 U.S. 220 (2005) and subsequent decisions elaborating upon Booker such as Kimbrough v. United States.  Defendant's erroneous interpretation of section 3582(c)(2) is the basis for his contention that he is eligible for "resentencing."  He equates the words "sentencing range" in section 3582(c)(2) to "guideline range" and argues that if the retroactive crack cocaine amendment "lowers a defendant's guideline range, a defendant may seek and a court may impose a new sentence in accordance with § 3582(c)(2)." (emphasis added).  The Court disagrees.  The guideline range is not always a defendant's "sentencing range."  An example would be a defendant who is sentenced pursuant to his career offender status or to a statutory mandatory minimum which applies regardless of a defendant's "guideline range."

Regardless, the distinction becomes irrelevant if Defendant's applicable "sentencing range," whether or not it is the same as his guideline range, was not lowered by the crack cocaine amendment.  In that regard, Defendant concedes that the crack cocaine amendment will not change his guideline sentencing range.  His original sentencing range based upon a base offense level of 38 and his recalculated sentencing range based upon a reduced base offense level of 36, after application of all the other identical adjustments to the base offense level would produce the identical sentencing guideline range of 360 months to life.[1]  Regardless of any lowering of the sentencing range, Defendant argues that section

---

[1]

|  | Original |  | Recalculated |
|---|---|---|---|
| BOL | 38 |  | 36 |
| SOC & Adj. | +6 |  | +6 |
| AOL | 44 |  | 42 |
| AOR | - 3 |  | - 3 |
| TOL | 41 |  | 39 |
| 41/VI = | 360 to life | 39/VI = | 360 to life as guideline range |

3582(c)(2) still allows his sentence to be reduced because "nothing in the statutory language requires that the sentencing range change, only that a defendant's guideline range was 'based on' a sentencing range which has been subsequently lowered." Therefore since his total offense level based upon the crack cocaine amendment changed from level 41 to level 39, he is eligible for a sentence reduction. As set forth *supra*, the Court disagrees with Defendant's interpretation of section 3582(c)(2) and hereby makes a final determination that Defendant is not eligible for a sentence reduction pursuant to section 3582(c)(2) because the application of the crack cocaine amendment does not have the actual effect of lowering his sentencing range, or, in this instance, his guideline range of "360 months to life imprisonment."

The rest of Defendant's motion argues that upon resentencing, the Court is free to impose a sentence below the "recalculated guideline range" in light of Booker and its progeny and subsequent decisions of the United States Supreme Court elaborating upon the holding of Booker such as Rita v. United States, 127 S.Ct. 2465 (2007); Kimbrough v. United States 128 S.Ct. 558 (2007); and Gall v. United States, 128 S.Ct. 586 (2007).. The Court does not necessarily disagree with Defendant's argument concerning the Court's discretion if Defendant was eligible for a sentence reduction under section 3582(c)(2). Unfortunately, the Court does not have to decide this issue in Defendant's case in light of the Court's determination that Defendant is not eligible for sentence reduction under section 3582(c)(2).

For the foregoing reasons, as well as for reasons expressed in the Order of August 4, 2008, Defendant's Motion for a Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) is DENIED with prejudice.

Case closed.

ENTERED this  4th  day of September, 2008.


                                                s/Joe B. McDade
                                                JOE BILLY McDADE
                                          United States District Judge